**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JAMES BRITT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )    Case No. 24-cv-1726-SMY |
| | ) |
| RAGING RIVERS WATER PARK, LLC, | ) |
| BRIAN T. BUCKWALTER, | ) |
| KEN HANDLER, and JIM MAYOROS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff James Britt filed a one count Complaint against Defendants Raging Rivers Water Park, LLC, Brian T. Buckwalter, Ken Handler, and Jim Mayoros, alleging negligence. This case is now before the Court for consideration of Defendants' Motion to Dismiss (Doc. 23), to which Plaintiff responded (Doc. 25). For the following reasons, the Motion is **GRANTED**.

### Background

Plaintiff makes the following relevant allegations in the Complaint: Plaintiff was at Raging Rivers Water Park in Grafton, Illinois on July 11, 2023. While on the "Runaway Rafts" ride, he suffered personal injuries when his elbows and knees violently impacted the rough cement surface of the slide. The abrasions to his elbows and knees were significant and painful and caused bleeding wounds.

Plaintiff went to the lifeguard station to ask for waterproof bandages, but was told that Raging Rivers had no waterproof bandages. He then sought first aid at the park's front office. Plaintiff asked for first aid and wound care, and specifically requested antiseptic and/or antibiotic ointment and/or waterproof bandages for his wounds. Defendants' employees advised that they

Page **1** of **3**

did not have antiseptic ointment, and only had regular band aids, which Plaintiff applied to his own wounds.  While at the park, Plaintiff noticed no policies or protocols that advised customers not to ride or enter the waters with open wounds or abraded skin.

Nine days after the incident, Plaintiff developed a debilitating headache, a high fever, and feeling of malaise. He sought medical treatment for an infection and cellulitis.  The cellulitis caused Plaintiff to develop lymphedema, a permanent, debilitating and disfiguring condition.

Plaintiff filed the instant lawsuit alleging negligence against Raging Rivers Water Park, LLC, as well as the three members of the LLC, Buckwalter, Handler and Mayoros.

### Discussion

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678.

Plaintiffs' sole allegation regarding the individual defendants is that they are the three members of the Raging Rivers Water Park, LLC.  The Complaint is devoid of any factual allegations suggesting the individual defendants are personally liable for negligence.  Plaintiff argues that under the Illinois Limited Liability Act, 805 ILCS 180/10-10(a-5), members of a limited liability company can be held liable under certain circumstances and that Defendants' motion is premature because more discovery is needed to establish whether Defendants are liable.

Under the Illinois Limited Liability Act, a member of an LLC may be liable for his own wrongful acts or omissions, even when acting or purporting to act on behalf of a limited liability

company, in certain instances.   However, even under the liberal pleading standards of Rule 8,

Plaintiff must allege facts sufficient to notify the individual defendants of the basis of their alleged

personal negligence, other than simply being members of the LLC.  Here, the Complaint contains

sufficient factual allegations only against Raging Rivers; the individual defendants are entitled to

dismissal.

### Conclusion

For the foregoing reasons, Defendant's motion is **GRANTED**.  Plaintiff's Complaint is

**DISMISSED without prejudice** as to Defendants Buckwalter, Handler, and Mayoros.

**IT IS SO ORDERED.**

**DATED:  February 20, 2025**

**STACI M. YANDLE**
**United States District Judge**